IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DUKE UNIVERSITY,<br><br>       Plaintiff,<br><br>v.<br><br>SHOP2788226 STORE, et al.,<br><br>       Defendants. | Case No. 18-cv-07120<br><br>**Judge Thomas M. Durkin**<br><br>**Magistrate Judge Young B. Kim** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
ELECTRONIC SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3)**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff Duke University ("Duke" or "Plaintiff") requests this Court's authorization to serve process by electronically publishing a link to the Second Amended Complaint, the Temporary Restraining Order, and other relevant documents on a website to which the Defendant Domain Names that are transferred to Plaintiffs' control will redirect, and/or by sending an e-mail to the e-mail addresses identified in Exhibits 1 and 2 to the Declaration of Lindsay Conn and any e-mail addresses provided for the Defendants by third parties that includes a link to said website.  Plaintiffs submit that providing notice via electronic publication and/or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

Electronic service is appropriate and necessary in this case because offshore Internet Store operators offering for sale products using counterfeit trademarks typically: (1) provide incomplete and/or false names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to

1

communicate with their third party service providers and customers, demonstrating the reliability of this method of communication by which the Defendants may be apprised of the pendency of this action. *See* Declaration of Justin R. Gaudio (the "Gaudio Declaration") at ¶ 2. Authorizing service of process solely via e-mail and/or electronic publication will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

According to Section 3.7.7.1 of the Registrar Accreditation Agreement established by the Internet Corporation for Assigned Names and Numbers ("ICANN"), an individual or entity that registers a domain name is required to provide "accurate and reliable contact details and promptly correct and update them during the term of the … registration, including … postal address." Gaudio Declaration at ¶ 3. An investigation of the WhoIs information for each of the respective Defendant Domain Names for which registration information is available reveals that many Defendants have ignored the applicable ICANN regulations and provided incomplete and/or false physical address information to the domain name registrars. *Id*. at ¶ 4. For example, many of Defendants' names and physical addresses used to register the Defendant Domain Names are incomplete or use a privacy service that conceals this information. *Id.*

Notwithstanding the above, Internet Store operators must provide a valid e-mail address to customers for completing payment and/or managing their Internet Stores. Moreover, it is necessary for merchants, such as Defendants, who operate entirely online, to visit their Internet Store to ensure it is functioning and to communicate with customers electronically. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods.

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

Plaintiff has good cause to suspect the Defendants are all residents of China, Hong Kong or Taiwan. The People's Republic of China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"). Gaudio Declaration at ¶ 5.

According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." *Id*. United States District Courts, including in this District, routinely permit alternative service of process notwithstanding the Hague Convention. *See e.g.*, *In re Potash Antitrust Litig.,* 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention."); *see also, Sulzer Mixpac AG v. Medenstar Indus. Co*., 312 F.R.D. 329, 331-32 (S.D.N.Y. 2015) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)); *In re LDK Solar Securities Litigation*, 2008 U.S. Dist. LEXIS 90702, at *11 (N.D. Cal. June 12, 2008) (same); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 U.S. Dist. LEXIS 31299, at *5-7 (N.D. Cal. Apr. 17, 2007) (same); *Levi Strauss & Co., v. Zhejiang Weidu Garment Co., Ltd. et al.,* No. 16-cv-7824 (N.D. Ill. Nov. 17, 2016) (unpublished) (same). The Hague Convention also does not preclude service by e-mail, and the declarations to the Hague Convention filed by China do

not appear to prohibit e-mail service. Gaudio Declaration at ¶ 5. In addition, the law of the People's Republic of China does not appear to prohibit electronic service of process. Gaudio Declaration at ¶ 6.

With respect to Taiwan, it is not a party to the Hague Convention, and there does not appear to be any treaties between Taiwan and the United States regarding service of documents. Thus, there are no international agreements prohibiting service by e-mail. *Tatung Co. v. Shu Tze Hsu*, No. 2015 U.S. Dist. LEXIS 179201, at *8 (C.D. Cal. May 18, 2015).

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props.,* 284 F.3d at 1014-15. As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id.* Likewise, Courts have confirmed that the Hague Convention does not displace Rule 4(f)(3). *See Nagravision SA v. Gotech Int'l Tech. Ltd.*, 2018 U.S. App. LEXIS 2976 (5th Cir. 2018) ("Overlooking Rule 4(f)(3) entirely, Gotech argues that the service did not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3)."). As such, this Court may allow Plaintiffs to serve the Defendants via electronic publication and/or e-mail.

For the reasons set forth herein, Plaintiff respectfully requests this Court's permission to serve Defendants via e-mail and electronic publication. In accordance with this request, the proposed Temporary Restraining Order includes authorization to serve Defendants electronically and provides for issuance of a single original summons[1] in the name of "SHOP2788226 STORE and all other Defendants identified in the Second Amended Complaint" that shall apply to all Defendants in accordance with Federal Rule of Civil Procedure 4(b).

Dated this 1st day of November 2018.    Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law

*Attorneys for Plaintiff Duke University*

---

[1] The Advisory Committee Notes to the 1993 Amendment to Rule 4(b) states, "If there are multiple defendants, the plaintiff may secure issuance of a summons for each defendant, <u>or may serve copies of a single original bearing the names of multiple defendants</u> if the addressee of the summons is effectively identified." Fed. R. Civ. P. 4(b) advisory committee notes (1993) (emphasis added).